**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:13-cr-35

CHARLES EVERETTE LEZINE,
        Defendant.

### ORDER/OPINION GRANTING GOVERNMENT'S MOTION TO DETAIN

On April 14, 2015, came the United States by Stephen Warner, its Assistant United States Attorney, and also came the defendant, Charles Everette Lezine, in person and by his counsel, Katy Cimino, for hearing on the motion of the United States to detain Defendant pending trial. Thereupon, the matter came on to be heard upon the Government's motion to detain; upon the pretrial services report prepared and submitted to counsel and to the Court by Adult Pretrial Services; and upon the argument of counsel for Defendant and the Assistant United States Attorney.

### A. Contentions of the Parties

The Government contends this case is eligible for detention because it involves a serious risk that Defendant will flee. The Government also contends the Court should detain Defendant because there are no conditions of release which will reasonably assure his appearance as required and the safety of any other person and the community.

### B. The Standards

18 U.S.C. § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and circumstances of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in United States v. Williams, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

## C. Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court makes the following findings:

1) Defendant has no substantial ties to West Virginia.

2) Defendant has both no employment and no history of employment in West Virginia with which he could support himself during pretrial proceedings.

3) Defendant has a lengthy and varied criminal history, indicating that he is not a good risk for release on conditions.

4) Should Defendant be released, such release would cause him to be subject to parole in Arkansas, thus taking him away from the jurisdiction of this Court.

Upon consideration of the pre-trial services report and the arguments of counsel, the Court finds:

(1) The nature and consequences of the offense with which Defendant is charged are serious.

(2) Clear and convincing evidence supports a finding that Defendant poses a danger to the community should he be released.

(3) A preponderance of evidence supports a finding that Defendant poses a flight risk should he be released.

## D. Conclusion

The Court concludes the defendant presents a serious flight risk and a danger to the community if released. Accordingly, the Court concludes that there is no condition or set of conditions which the Court could impose which would reasonably assure the appearance of Defendant or the safety of the community if Defendant is released on bond.

Accordingly, the Government's motion to detain is **GRANTED**, and it is **ORDERED THAT**:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 15th day of April, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE